UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MICHAEL H. PALMER | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-132 |
| | ) | |
| STATE OF TENNESSEE | ) | |

**MEMORANDUM OPINION**

Michael H. Palmer brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Sullivan County, Tennessee misdemeanor convictions, obtained on April 12, 2006, upon his pleas of guilty or nolo contendere. For these offenses, he received suspended sentences of 11 months and twenty-nine days. The petitioner asserts various grounds for habeas corpus relief, including claims of improper arrest, ineffective assistance of counsel, failure to advise him regarding the 10-day appeal rule, and, perhaps, five other factually undeveloped claims (i.e., grounds identified only as (a), (f), (g), (i) and (h) as listed in the preprinted form § 2254 petition). The respondent, however, will not be required to file an answer and, for the reasons discussed below, this case will be dismissed.

A petitioner who attacks his state criminal conviction must completely exhaust all his federal claims by fully and fairly presenting them to the state court before seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254(b) and(c); *Rose v. Lundy*, 455 U.S. 509 (1982). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

In this case, the petitioner has not indicated that he has ever sought post-conviction relief in the state courts, though Tennessee offers such a remedy to those who wish to obtain collateral review of their convictions. *See Tenn. Code. Ann*. § 40-30-101 *et seq*. Thus, the petitioner has failed to show exhaustion of state remedies, and his petition will be dismissed *sua sponte* without prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted).

Lastly, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of this procedural ruling with regard to exhaustion of claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000). Therefore, the Court will

2

**DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

**ENTER:**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

3